THE PEOPLE OF THE STATE OF NEW YORK ex rel. GEORGE BRUSSEL, JR., Respondent, against HELENE B. BRUSSEL, Appellant.

First Department, February 24, 1953.

*Charles Rothenberg* of counsel (*Rothenberg, Cambridge & Koss*, attorneys), for appellant.

*David G. Haskins, Bernard Hershkopf* and *George Brussel, Jr.,* in person, for George Brussel, Jr., respondent.

PECK, P. J.  The difficulties inherent in any controversy relating to the custody of children of divorced parents have been complicated and compounded in this proceeding by the bitterness of feeling between the parties.  Whether with the mother or the father, the children have heard nothing but condemnation of the other parent.  They have been taught neither filial respect nor respect for the directions of the court.

No purpose would be served by reassessing blame at this time or in commenting upon the attitude or actions of the children. We are concerned only with their welfare, fostering their normal development and adopting a constructive course which will relieve them from unnecessary and unnatural conflict and promote their health, growth and eventual regard and affection for both parents.  We are told that the children are intelligent and naturally inclined toward obedience rather than willfulness. We are also persuaded that both parents have a genuine love for the children, however misguided they may have been in dealing with them.  The family frame is not one therefore in which it is impossible to build a child's happy life.

It is essential, however, that the children and their parents recognize and accept certain facts and attitudes as the predicate of any satisfactory solution of their problem and that the behavior of all be governed accordingly.

Obviously each party should enjoin upon himself and herself encouragement in the children of respect and regard for the other parent.  Whatever the differences between the parties, each is entitled to develop the companionship and affection of the children, as the children in turn are entitled and should be encouraged to develop companionship with and affection for both parents.  Parents and children alike are entitled to be spared the disparagement of one parent by the other.  The children must not only be freed from such disparagement but must themselves take a fresh approach to their problem and give themselves freely to the altogether natural course of loving and respecting their father and mother and developing a sound and happy relationship with each of them.

It would not do at this time, because it would not be in the children's interest, simply to indulge a warped emotional expression of their desire.  They are not to be consigned to one party or the other or to be subjected to a disposition which will immediately alienate them from one parent and in the end probably alienate them from both.  They should be given a clear chance to develop perspective and reconstruct on a sound basis a good relationship with both parents.  This would obviously

be impossible if the children were required to live with their father and would be equally impossible if they were permitted to live with their mother. It is not necessary to remove the children from all contact with their parents, but it is desirable to avoid a constant association with one at the expense of the other. Some neutral and undisturbed atmosphere for a period of time is required, in which the children may be relieved from parental division and strife and become absorbed in the normalcy of school life and living with other children.

The order appealed from is aimed at this end and is a fair and sound means of attaining it. The children will each be placed in a good school and a congenial atmosphere. They may be visited at all times consistent with school rules by either parent and their time out of school is to be divided between the parents. This provision for the children need not be regarded as permanent; it may be considered as fixed only for the remainder of this school year and for the school year 1953–1954. By that time it is hoped that an arrangement agreeable to all concerned will voluntarily be reached. If not, either party can apply to the court and the matter can be reviewed.

We have no doubt that if the children and the parties accept this order in proper spirit, and each does his or her part, a good life for all concerned will soon eventuate. Only selfishness, short-sightedness and willfulness will prevent this program from serving its purpose. The opportunity and responsibility are alike upon all. The parties are presumed to possess a maturity and love for their children which will promote their whole-hearted co-operation. Indeed such co-operation is a fair test of their love. The children are old enough to recognize that in these provisions for their welfare they have their best opportunity to grow in maturity and realize the full, fine love of both their mother and father.

The order appealed from should be affirmed, without costs.

CALLAHAN, VAN VOORHIS and BREITEL, JJ., concur.

Order unanimously affirmed. [See *post,* p. 1010.]